## Wood v. Wood.

5-294                                    264 S. W. 2d 407

Opinion delivered February 8, 1954.

*Bobbie Jean Gladden Farabee,* for appellant.

*House, Moses & Holmes* and *Thomas C. Trimble, Jr.,* for appellee.

ROBINSON, J. This suit was filed in the Chancery Court on May 7, 1953, alleging that a deed purporting to bear the signature of appellant, Vona I. Wood, is a forgery—that is, that appellant's signature thereon was forged—and asked that the deed be declared null and void. The Chancellor held the signature to be genuine.

Appellant, Vona I. Wood, and appellee, Marvin E. Wood, were married on the 27th of January, 1945; subsequent to the marriage William Wood, father of Marvin, purchased from George F. Branch and wife a house and

lot and had the same deeded to Marvin and Vona as an estate by the entirety. Later Marvin and Vona separated and at Vona's insistence they agreed to a divorce. On August 24, 1949, they went to the office of Mr. Madrid Loftin, an attorney, to engage him to file a divorce proceeding on behalf of Marvin. Mr. Loftin, after attempting in vain to persuade Vona to return to Marvin and to recede from her position of demanding a divorce, prepared a divorce suit wherein Marvin was plaintiff.

It is agreed that Mr. Loftin prepared the complaint and several copies of a precedent for the decree which Vona signed in Loftin's office. Later Vona went to the sheriff's office where she was served with a summons and signed a waiver. The precedent for the decree provided that Vona was to have custody of their minor child, two years old at that time, and was to receive $10 per week as maintenance for the child.

Now comes the disputed question. The next day after the divorce, the deed in issue dated August 24, 1949, conveying the property to W. M. Wood, father of Marvin, was filed for record. Vona says it is a forgery and Marvin claims it was prepared by Mr. Loftin at the time of the preparation of the divorce papers, and that it was signed by Vona in Loftin's office at the time she signed the precedent for the decree. Marvin says this was by agreement, that Vona felt they should deed the property to Marvin's father because they still owed him the purchase price on which they had paid nothing.

The questioned document was produced in evidence. In support of her contention that her purported signature thereon is a forgery, Vona herself says she did not sign the deed; also produced in evidence were several specimens of her signature admitted to be genuine. Three experts connected with Little Rock banks testified that in their opinion the signature on the deed was not the genuine signature of Vona; but two of these witnesses were not positive that the signature on the deed was different from some of the admittedly genuine signatures introduced in evidence.

On the other hand, Mr. Loftin states that he prepared the deed by agreement of the parties and that Vona did sign it in his office. Mrs. Loftin, a notary public, states that the deed was signed in her presence and that she took the acknowledgment; and her acknowledgment appears on the deed. Miss Mary Ellen Pannell testified that she was Mr. Loftin's secretary at the time and that she typed the deed; and her testimony indicates that Vona signed it. An expert from one of the local banks testified after comparing the questioned document with admittedly genuine signatures that in his opinion the signature on the deed is Vona's. Subsequent to the divorce, Marvin retained possession of the property and later married again and lived on the property with his second wife. The suit alleging forgery was not filed for nearly four years after the divorce.

The original deed and specimens of the admittedly genuine signature of appellant are in evidence; and after examining the entire record we reach the same conclusion as that of the Chancellor, that Vona's signature on the deed is genuine.

Appellant complains that she was not allowed to introduce competent testimony of a circumstantial nature tending to prove her allegation of forgery; but that appellee was allowed to introduce evidence of a similar character tending to prove the signature is genuine; that she was restricted in her cross-examination of some of the witnesses; and that the trial court persisted in taking over examination of some of the witnesses, all to the prejudice of appellant. We have examined these points and do not find any ruling of the court on the admissibility of evidence prejudicial to appellant. She received a fair trial and the finding of the Chancellor is sustained by a preponderance of the evidence.

Affirmed.